# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD LEE SMITH, SR., | Civil Action No. 15-cv-00049 |
| Petitioner, | United States Magistrate Judge Cynthia Reed Eddy |
| v. | |
| COMMON PLEAS ALLEGHENY COUNTY, and THE ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA, | |
| Respondents. | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is the Motion to Dismiss filed by Respondents (ECF No. 7). For the reasons that follow, the Motion will be granted and the petition for a writ of habeas corpus will be dismissed with prejudice because Petitioner's claims are untimely. A certificate of appealability will be denied.

The parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* ECF Nos. 10 and 11.

### Relevant Background

On January 8, 2015, Petitioner, Richard Lee Smith, Sr. ("Petitioner" or "Smith"), filed, pursuant to the prisoner mail box rule, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (ECF No. 1). He is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Allegheny County on October 15, 2008. Respondents have filed a Motion to Dismiss arguing that the petition must be dismissed because it is untimely under the

1

statute of limitations set forth in AEDPA, which is codified in relevant part at 28 U.S.C. § 2244(d) (ECF No. 4). Petitioner was ordered to file a response to the Motion by May 27, 2015. The time for responding has now passed; therefore, in the absence of any timely response by Petitioner, the Court will deem the motion to dismiss to be ripe for resolution.

For the reasons set forth below, Respondents are correct that the petition is untimely. Accordingly, their Motion to Dismiss (ECF No. 7) will be granted and the habeas petition will be dismissed.

## Discussion

A.  *Timeliness*

AEDPA requires, with a few exceptions that are not applicable here, that habeas corpus petitions under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[1]

Petitioner was convicted following a jury trial of multiple sexual offenses against his daughter, to wit: three counts each of Involuntary Deviate Sexual Assault, Aggravated Indecent Assault, Indecent Assault, and two counts each of Rape of Child, Corruption of Minors, and Endangering the Welfare of Child. On October 15, 2008, Petitioner was sentenced by the Court of Common Pleas of Allegheny County, to an aggregate sentence of 45 to 90 years imprisonment.

---

[1]  Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. He did not suffer any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). His claims are not based on a new constitutional right recognized by the U.S. Supreme Court and made retroactive to cases on collateral review. *Id*. at § 2244(d)(1)(C). He has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. *Id*. at § 2244(d)(1)(D).

2

Smith filed a counseled direct appeal of his judgment of conviction to the Superior Court of Pennsylvania. On January 10, 2011, the Superior Court affirmed the judgment of conviction. *Commonwealth v. Smith*, 23 A.3d 1079 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 25 A.3d 328 (Pa. 2011). The Pennsylvania Supreme Court denied Smith's Petition for Allowance of Appeal ("PAA") on July 28, 2011. Petitioner did not file a Petition for writ of certiorari to the United States Supreme Court. Accordingly, his judgment of sentence became final October 25, 2011. *See Gonzales v. Thaler*, -- U.S. ----, 132 S.Ct. 641, 653-56 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); *see also Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000).

Approximately 261 days later, on July 13, 2012, Smith timely filed a pro se motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et seq.*[2] The PCRA Court appointed Scott Coffey, Esquire, to represent him. PCRA counsel filed a No Merit Letter on November 28, 2012. After providing the required notice, on November 28, 2012, the PCRA court granted Coffee leave to withdraw as counsel and dismissed the PCRA petition. Smith pursued a pro se appeal to the Superior Court. On November 27, 2013, the Superior Court affirmed the PCRA Court's decision. Petitioner filed a PAA with the Supreme Court of Pennsylvania, which was denied on June 24, 2014. After that date, AEDPA's limitations period began to run again. Since the PCRA petition statutorily tolled AEDPA's statute of limitations period, Smith would have only 104 days to file a timely habeas petition in federal court once his PCRA proceeding concluded.

---

[2] Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Accordingly, the PCRA petition statutorily tolled AEDPA's statute of limitations on that date.

As set forth above, Smith's PCRA proceeding concluded on June 24, 2014. After that date, the limitations period began to run again, and Smith, having 104 days remaining before the statute of limitations expired, had until Wednesday, October 5, 2014, to submit a federal habeas petition to the prison mail system in order to file a timely federal habeas petition with this Court. He did not initiate proceedings with this Court until January 8, 2015, at the earliest, and thus his petition is untimely.

B. *Equitable Tolling*

The Supreme Court of the United States has held that AEDPA's statute-of-limitation period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631 (2010). Smith would be entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562. *See also Munchinski v. Wilson*, 694 F.3d 308, 329–32 (3d Cir. 2012). "This conjunctive standard requires showing <u>both</u> elements before we will permit tolling." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original).

Petitioner has not met his burden of demonstrating that he is entitled to equitable tolling. He has not directed this Court to anything that would qualify as an "extraordinary circumstance" that stood in his way of filing a timely federal habeas petition. He also has not shown that he was diligent in filing his federal habeas corpus petition, which, as already noted, was untimely by 94 days.

For these reasons, the Court finds that Petitioner has failed to meet his burden of proving that equitable tolling is appropriate in this case. *See Pace,* 544 U.S. at 418 (the petitioner bears the burden of establishing both diligence and some extraordinary circumstance). Consequently, the Court finds that the instant Petition is untimely.

4

**Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied as untimely. Accordingly, a certificate of appealability should be denied.

**Conclusion**

For the reasons set forth above, Respondents' motion to dismiss (ECF No. 7) will be granted, that the petition for a writ of habeas corpus will be dismissed with prejudice because Petitioner's claims are untimely, and a certificate of appealability will be denied. An appropriate Order follows.

**AND NOW**, this 5th day of June, 2015:

It is **HEREBY ORDERED** that Respondents' Motion to Dismiss is hereby **GRANTED** and the Petition for a Writ of Habeas Corpus is dismissed with prejudice because Petitioner's claims are untimely.

It is further **ORDERED** that a Certificate of Appealability is denied.

The Clerk of Court shall docket this case closed.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

s/ Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

cc: RICHARD LEE SMITH, SR.  
HU-3206  
SCI Frackville  
1111 Altamont Boulevard  
Frackville, PA 17931  
(via U.S. First Class Mail)

Rusheen R. Pettit  
Office of the District Attorney  
(via ECF electronic notification)